

1   SEYFARTH SHAW LLP
    Lorraine H. O'Hara (SBN 170153)
2   E-mail: lohara@seyfarth.com
    Joshua A. Rodine (SBN 237774)
3   E-mail: jrodine@seyfarth.com
4   2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
5   Telephone: (310) 277-7200
    Facsimile: (310) 201-5219
6



FILED
CLERK, U.S. DISTRICT COURT

JUN 30 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

7   Attorneys for Defendants
    UNITED AIR LINES, INC. and DAVID CONDEMI
8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12   TEDDY SALANGA, an individual,          ) Case No. **LACV11-5456** GAF(PJWx)
                                            )
13                Plaintiff,                ) **NOTICE OF REMOVAL OF**
                                            ) **CIVIL ACTION**
14                                          )
15        v.                                ) (Los Angeles County Superior Court
                                            ) Case No. BC BC461897)
16   UNITED AIR LINES, INC., a              )
     corporation; DAVID CONDEMI, an         )
17   individual; and DOES 1 through 20,     )
     Inclusive,                             ) Complaint Filed: May 19, 2011
18                                          ) Complaint Served: June 1, 2011
                                            )
19                Defendants.               )
                                            )

20     **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

21   **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS**

22   **ATTORNEYS OF RECORD:**

23        PLEASE TAKE NOTICE that Defendants United Air Lines, Inc. ("UAL")

24   and David Condemi ("Condemi") (collectively "Defendants") hereby file this

25   notice of removal pursuant to 28 U.S.C. sections 1331, 1332, 1367, 1441 and 1446

26   in order to effect the removal of the above-captioned action, which was

27

28

---

                            NOTICE OF REMOVAL

13488046v.1

commenced in the Superior Court of the State of California in and for the County of Los Angeles, and state that the removal is proper for the following reasons:

### TIMELINESS OF REMOVAL

1.     On or about May 19, 2011, Plaintiff Teddy Salanga ("Plaintiff") filed a Complaint against Defendants UAL and Condemi, and various Doe defendants, in the Superior Court of the State of California, County of Los Angeles, Case No. BC461897.

2.     The Complaint for Damages was served on UAL on June 1, 2011. This Notice of Removal is timely filed as it is filed within thirty (30) days of June 1, 2011, the date of service of the Summons and Complaint for Damages. 28 U.S.C. § 1446(b).

### DIVERSITY JURISDICTION

3.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

### PLAINTIFF'S CITIZENSHIP

<u>Plaintiff is a California Citizen</u>

4.     Plaintiff is, and at all times since the commencement of this action has been, a resident of the State of California. (Compl. ¶ 1.) For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Therefore, Plaintiff is, or was at the institution of this civil action, a citizen of California.

# DEFENDANTS' CITIZENSHIP

## A.    UAL Is Not a California Citizen

5.    UAL is now, and was at the time of the filing of this action, incorporated in the State of Delaware and has its principal place of business in the State of Illinois.

6.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*  UAL's principal place of business is Illinois because that is the location of its "nerve center," based on the factors described above.  Accordingly, UAL is, and has been at all times since this action commenced, a citizen of Illinois.

7.    As a result, UAL is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California within the meaning of the Acts of Congress relating to the removal of cases.

## B.    Condemi's Citizenship Is Irrelevant

8.    Condemi's citizenship is irrelevant for purposes of diversity because he is a "sham" defendant.  Condemi's status as a sham defendant – discussed in detail below – is reinforced by the fact that he has not been served with a copy of the summons and complaint.

9.    A defendant's citizenship may be disregarded for diversity purposes if that party's joinder is a "sham" or "fraudulent" in the sense that no cause of action has been properly stated against that party. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339-40 (9th Cir. 1987) (plaintiffs cannot derail a defendant's absolute

-3-

13488046v.1

1   right to remove by the trick of naming a non-diverse defendant where no claim can

2   properly be maintained against that non-diverse defendant); *Zogbi v. Federated*

3   *Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (non-diverse defendant may

4   be disregarded if that person's joinder is fraudulent in that no claim can be

5   established against that party). The term "fraudulent" is a term of art and not

6   intended to impugn the integrity of plaintiff or counsel. *McCabe*, 811 F.2d at

7   1339.

8         10.   Here, Plaintiff alleges a single claim of harassment against Condemi.

9   Under California law, in order to plead a cause of action, the complaint must

10   contain a "statement of the facts constituting the cause of action, in ordinary and

11   concise language." Cal. Code Civ. Proc. § 425.10(a). Legal conclusions are

12   disregarded when determining whether a cause of action has been sufficiently pled.

13   *McAllister v. County of Monterey*, 147 Cal. App. 4th 253, 288 (2007).

14         11.   Plaintiff's claim for harassment does not allege a violation of any

15   specific statute. Harassment claims, however, are statutory creations and no

16   common law cause of action exists. *See Medix Ambulance Service, Inc. v.*

17   *Superior Court*, 97 Cal. App. 4th 109, 118 (2002) (holding that no cause of action

18   exists for sexual harassment in violation of public policy)

19         12.   To establish a cause of action for harassment under California's Fair

20   Employment and Housing Act, Plaintiff must plead and prove facts demonstrating,

21   *inter alia*, that the harassment complained of was (1) based on a protected

22   characteristic and (2) sufficiently pervasive to alter the conditions of employment

23   and create an abusive working environment. *Fisher v. San Pedro Peninsula Hosp.*,

24   214 Cal. App. 3d 590, 608 and 613 (1990) (plaintiff must allege sufficient facts to

25   establish that workplace was permeated by harassment); *see also Guthrey v. State*

26   *of California*, 63 Cal. App. 4th 1119, 1123-24 (1998) (isolated incidents, as a

27   matter of law, are not severe or pervasive enough to create a hostile environment).

28

13488046v.1

1    The law does not impose on employers the impossible burden of maintaining a

2    "general civility code" for the workplace. *Oncale v. Sundowner Offshore Servs.*,

3    523 U.S. 75, 81 (1998). "[C]onduct must be extreme: 'simple teasing, . . . off-hand

4    comments, and isolated incidents (unless extremely serious) will not amount to

5    discriminatory changes in the 'terms and conditions of employment." *Etter v.*

6    *Veriflo Corp.*, 67 Cal. App. 4th 457, 463 (1998).

7         13.   Here, Plaintiff alleged no facts to support a harassment claim based on

8    his purported disability or California Family Rights Act ("CFRA") leave.  Instead,

9    his allegations are largely legal conclusions, and once these are stripped away, his

10   allegations are strikingly bare. (Compl. ¶ 51.) *McAllister*, 147 Cal. App. 4th at

11   288 (legal conclusions are disregarded when determining sufficiency of

12   complaint).

13        14.   Plaintiff alleges only that Condemi: (1) talked to Plaintiff in a "hostile

14   manner"; (2) "rais[ed] his voice at Plaintiff"; (3) scheduled a meeting for a time

15   when Condemi allegedly knew Plaintiff would be unable to attend; and (4)

16   "threaten[ed] Plaintiff." (Compl. ¶ 51.)  These minimal allegations are insufficient.

17   *Fisher*, 214 Cal. App. 3d at 613 (plaintiff must allege sufficient facts to establish

18   that workplace was permeated by harassment), and have no relation to Plaintiff's

19   purported disability or CFRA leave. *Vallecillo v. U.S. Dept. of Housing & Urban*

20   *Dev.*, 155 Fed. Appx. 764, 767 (5th Cir. 2005) (to support harassment claim,

21   allegedly harassing statements must be based upon protected status).

22        15.   To the extent that Plaintiff alleges that Condemi took action against

23   him because Plaintiff took CFRA leave, the harassment claim fails for the

24   additional reason that CFRA neither permits individuals to be found liable for

25   violations thereof, *McLaughlin v. Solano Country*, 2008 WL 2977959, at *3 (E.D.

26   Cal. July 28, 2008), nor provides a cause of action for harassment. *Compare*

27   CFRA, Cal. Gov. Code § 12954.2(l) ("It shall be an unlawful employment practice

28

-5-

NOTICE OF REMOVAL

13488046v.1

1  for an employer to . . .discriminate against, any individual because of . . .an

2  individual's exercise of the right to family care and medical leave.") with Cal.

3  Gov. Code § 12940(j)(1) (It shall be an unlawful employment practice "[f]or an

4  employer . . . because of race, religious creed, color, national origin, ancestry,

5  physical disability, mental disability, medical condition, marital status, sex, age, or

6  sexual orientation, to *harass* an employee.") (emphasis added).

7      16.   Accordingly, Plaintiff failed to plead a viable claim against Condemi

8  and, thus, his joinder was fraudulent. *Hamilton Mat. Inc. v. Dow Chem. Corp.*, 494

9  F.3d 1203, 1206 (9th Cir. 2007) ("If [a] plaintiff fails to state a cause of action

10  against a resident defendant, and the failure is obvious according to the settled

11  rules of the state, the joinder of the resident defendant is fraudulent.").

12      **C.   Doe Defendants' Citizenship Should Be Disregarded**

13      17.   The residence of fictitious and unknown defendants should be

14  disregarded for purposes of establishing removal jurisdiction under 28 U.S.C.

15  Section 1332.  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter,

16  the citizenship of defendants sued under fictitious names shall be disregarded.").

17  Thus, the existence of Does 1 through 20 does not deprive this Court of

18  jurisdiction.

19      18.   Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiff and the

20  only real defendant, UAL, have diverse citizenships.

21              **AMOUNT-IN-CONTROVERSY**

22      19.   Plaintiff alleges disability discrimination, failure to accommodate,

23  interference with medical leave rights, harassment, and wrongful termination in

24  violation of public policy.  (Compl. ¶¶ 12-54.)  While Defendants deny any

25  liability as to Plaintiff's claims, the amount-in-controversy requirement is satisfied

26  because it is "more likely than not" that the amount-in-controversy exceeds the

27  jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F. 3d 856, 862

28

NOTICE OF REMOVAL

13488046v.1

(9th Cir. 1996). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

20.   In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). Plaintiff does not allege a specific dollar amount of damages in the Complaint. Under Ninth Circuit authority, the district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit "summary-judgment" type evidence relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

21.   Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**A.   General and Special Damages**

22.   The court must consider claims for general and special damages in evaluating the amount in controversy. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Plaintiff seeks general and special damages. (Compl. p. 10, ll. 16-24.)

**1.   Lost Wages and Benefits**

23.   Plaintiff does not allege a specific dollar amount of lost earnings. Plaintiff's compensation for 2010 was $17,228. (Declaration of Dorothy Karpierz ["Karpierz Dec."] ¶ 2.) This annual sum is equivalent to approximately $1,435 per month. Therefore, Plaintiff's claim for lost wages from March 4, 2011 (when his

13488046v.1

1    employment was terminated) to the present amounts to approximately $5,740.

2    (Karpierz Dec. ¶ 2.)

3       24.    Plaintiff also received medical and dental benefits while he was

4    employed with UAL.  (Karpierz Dec. ¶ 3.)  These benefits had a cost to UAL of

5    $1,022.17 monthly for his medical benefits and $60.83 monthly for his dental

6    benefits.  (Karpierz Dec. ¶ 3.)  Thus, the total annual cost to UAL for Plaintiff's

7    benefits was approximately $12,966.  From the date of Plaintiff's termination

8    through the present the cost of these benefits would have been approximately

9    $4,332.  (Karpierz Dec. ¶ 3.)

10      25.    When this baseline amount is considered in conjunction with

11    Plaintiff's alleged emotional distress, as well as attorney's fees, as more fully

12    developed below, the amount in controversy more likely than not exceeds $75,000.

13            **2.**      **Emotional Distress**

14      26.    Although Plaintiff has not laid out the basis of his emotional distress

15    damages, and Defendants deny that he has suffered recoverable damages, "[t]he

16    vagueness of [Plaintiff's] pleadings with regard to emotional distress damages

17    should not preclude this Court from noting that these damages are potentially

18    substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal.

19    1995).

20      27.    A review of jury verdicts in California demonstrates that emotional

21    distress awards in disability discrimination cases commonly exceed $75,000.  *See,*

22    *e.g., DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup.

23    Ct.) (jury award of $300,000 emotional distress damages for failure to

24    accommodate claim); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles

25    County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee

26    terminated after requesting accommodation for disability); *Mnaskanian v. 21st*

27    *Century Insurance Co.*, 2006 WL 2044625 (Los Angeles County Sup. Ct.) (jury

28

NOTICE OF REMOVAL

13488046v.1

1   award of $300,000 in non-economic damages for employee denied reinstatement

2   despite request for reasonable accommodation for disability).  (Copies of these

3   verdicts are attached hereto, as Exhibit C).

4   **2.    Attorney's Fees**

5   28.    Plaintiff also claims that he is entitled to attorney's fees.  (Compl. p.

6   11, ll. 1-2.)  Under Ninth Circuit case law, claims for statutory attorney's fees are

7   to be included in amount in controversy, regardless of whether such an award is

8   discretionary or mandatory.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

9   (9th Cir. 1998).  Under California Government Code section 12965(b), the court in

10  its discretion may award fees and costs to the "prevailing party" in FEHA actions.

11  Although the statute provides that the court "may" award fees, cases hold a

12  prevailing plaintiff is entitled to fees "absent circumstances that would render the

13  award unjust."  *Horsford v. Board of Trustees of Calif. State Univ.*, 132 Cal. App.

14  4th 359, 394 (2005).

15  29.    Based on Defense Counsel's personal experience, attorney's fees in

16  employment discrimination cases often exceed $75,000.  A review of attorney's

17  fees awards in California demonstrates that such awards in discrimination cases

18  commonly exceed $75,000.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL

19  5383296 (Los Angeles County Sup. Ct.) (attorney's fees award of $159,762.50 for

20  claims including disability discrimination and failure to accommodate); *Noyes vs.*

21  *Kelly Services Inc.*, 2008 WL 4223600 (E.D. Cal.) (attorney's fees and costs award

22  of $765,973 for claim of religious discrimination); *Denenberg v. California*

23  *Department of Transportation*, 2006 WL 5305734 (San Diego County Sup. Ct.)

24  (attorney's fees award of $490,000 for claims including disability discrimination

25  and failure to accommodate).  (Copies of these verdicts are attached hereto, as

26  Exhibit D).

27

28

-9-
NOTICE OF REMOVAL

13488046v.1

### 3. Punitive Damages

30. Plaintiff also seeks punitive damages. Complaint ¶¶ 30, 38, 45, 52, 58. This Court must also consider Plaintiff's request for punitive damages. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). In this case, FEHA allows recovery of punitive damages. *See Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998).

31. UAL is an international airline. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). *See also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003) ("The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award. . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors....") (internal citations omitted). This factor thus weighs in favor of establishing the amount in controversy.

32. Accordingly, since this action involves citizens of different states and the amount-in-controversy exceeds $75,000, the requirements for removal under 28 U.S.C. sections 1332(a) and 1441(a) are satisfied and this Court has original jurisdiction.

### VENUE

33. Venue lies in the Central District of this Court, Western Division, pursuant to 28 U.S.C. sections 1441(a), 1446(a) and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

## NOTICE OF REMOVAL

34.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

35.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of the summons, complaint, and all other process, pleadings, and orders served on Defendants in this action are attached hereto, as Exhibit "A."  In addition, a true and correct copy of the State Court Answer filed on June 29, 2011 is attached as Exhibit "B."

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, Los Angeles to the United States District Court for the Central District of California.


DATED: June 30, 2011                    SEYFARTH SHAW LLP


                                        By _____
                                            Joshua A. Rodine
                                            Attorneys for Defendants
                                            UNITED AIR LINES, INC. and
                                            DAVID CONDEMI

13488046v.1

## DECLARATION OF DOROTA KARPIERZ

I, Dorota Karpierz, declare as follows:

1.     I am employed as a paralegal for Defendant United Air Lines, Inc. ("UAL") in Chicago, Illinois.  I make this declaration on the basis of my own personal knowledge, and if called upon to testify, I could and would competently testify to the following facts.

2.     I have reviewed Plaintiff Teddy Salanga's personnel file.  Plaintiff's reported UAL wages for 2010, as indicated on his W-2, were $17,228.  This annual sum is equivalent to approximately $1,435 per month.  Therefore, Plaintiff's claim for lost wages from March 4, 2011 (when his employment was terminated) to the present amounts to approximately $5,740.

3.     Plaintiff also received medical and dental benefits while he was employed with UAL.  These benefits had a cost to UAL of $1,022.17 monthly for Plaintiff's elected medical benefits and $60.83 monthly for his elected dental benefits.  Thus, the total annual cost to UAL for Plaintiff's benefits was approximately $12,966.  From the date of Plaintiff's termination through the present the cost of these benefits would have been approximately $4,332.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on June 28th, 2011.

Dorota Karpierz
Dorota Karpierz

---

NOTICE OF REMOVAL

13488046v.1

Exhibit A

1  Caesar S. Natividad, Esq. SBN 207801
   NATIVIDAD LAW FIRM
2  1316 Indian Well Drive
   Diamond Bar, CA 91765
3  Telephone: (909) 217-3264
   Facsimile:  (909) 954-9927
4
   Attorneys for Plaintiff
5    TEDDY SALANGA

6

7

8

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 9 2011

John A. Clarke, Executive Officer/Clerk
By_____Deputy
   ROWENA LOPEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| 9  TEDDY SALANGA, an individual,<br><br>10    Plaintiff,<br><br>11    v.<br><br>12<br>UNITED AIR LINES, INC., a corporation,<br>13  DAVID CONDEMI, an individual, and DOES<br>14  1 through 20, Inclusive,<br><br>15<br>   Defendants.<br>16<br>17<br>18<br>19<br>20<br>21 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No:<br>**BC 461897**<br>COMPLAINT FOR<br><br>(1) DISCRIMINATION BASED ON<br>    DISABILITY - CAL GOV'T CODE<br>    §12940(a);<br>(2) WRONGFUL TERMINATION IN<br>    VIOLATION OF PUBLIC POLICY –<br>    DISABILITY DISCRIMINATION;<br>(3) FAILURE TO PROVIDE<br>    REASONABLE ACCOMODATION –<br>    CAL GOV'T CODE §12940(m);<br>(4) (5)  VIOLATION OF CAL GOV'T<br>    CODE §12945.2;<br>(5)  WRONGFUL TERMINATION IN<br>    VIOLATION OF PUBLIC POLICY –<br>    CAL GOV'T CODE §12945.2; AND<br>(6) HARASSMENT |

22      Plaintiff TEDDY SALANGA complains of Defendants and for causes of action, alleges

23  as follows:

24

25

1
*COMPLAINT*

## FACTS COMMON TO ALL CAUSES OF ACTION

1.     Plaintiff TEDDY SALANGA (hereinafter "Plaintiff"), is an individual and is now a resident of the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes and on that basis alleges that defendant UNITED AIR LINES, INC. ("UALI") is a corporation doing business in California.  Plaintiff is informed and believes and on that basis alleges that defendant DAVID CONDEMI ("Condemi") is an individual doing business in California.

3.     Plaintiff does not know the true names of defendants DOE 1 through DOE 20 inclusive, and therefore sues them by these fictitious names.  Plaintiff will amend this complaint to include their names and capacities once they are known.

4.     Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible in some manner for the occurrences alleged in this complaint, and unlawfully caused the injuries and damages to plaintiff as alleged in this complaint.

5.     At all times mentioned in this complaint, unless otherwise alleged, each defendant was the agent, employee, and co-conspirator of every other defendant, and in doing the acts alleged in this complaint, was acting within the course, scope, and authority of that agency, employment, and in furtherance of the conspiracy, and with the knowledge and consent of each of the other defendants.  Defendants UALI, Condemi and Does 1 through 20 are hereinafter referred to collectively as "Defendants."

6.     Venue lies in the Los Angeles County Superior Court pursuant to California Code of Civil Procedure Section 395(a) in that the conduct giving rise to the cause of action occurred in the County of Los Angeles.

7.       Plaintiff was employed by Defendants as a Flight Attendant until March 4, 2011.

8.       On December 14, 2010, Plaintiff was diagnosed with "adjustment disorder with anxiety depression" by a California licensed physician.

9.       The California licensed physician certified under penalty of perjury that Plaintiff had a disability, and that Plaintiff would not be able to do his job from December 15, 2010 until March 8, 2011.

10.      Plaintiff requested a medical/disability leave from December 15, 2010 until March 8, 2011. The request was granted, and the leave was designated as an FMLA qualifying leave of absence.

11.      On March 4, 2011, 4 days before the disability was to end, despite Plaintiff being on disability leave, Defendants terminated the employment of Plaintiff.

### FIRST CAUSE OF ACTION AGAINST UNITED AIR LINES, INC.
### AND DOES 1 TO 20
### VIOLATION OF CAL.GOV'T. CODE § 12940(a) - DISCRIMINATION BASED ON DISABILITY

12.      Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for discrimination based on disability.

13.      At all relevant times herein, Defendants were "employers" of Plaintiff within the coverage of the California Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900, et seq.

14.      At all relevant times herein, Defendants were under a duty pursuant to FEHA to refrain from discrimination based on actual or perceived physical and/or medical disability in all aspects of employment including hiring, termination and terms and conditions.

15.     Plaintiff's physical and medical condition was such that he had a disability, such that on or about December 14, 2010, he asked for a leave of absence based on medical condition and/or disability.

16.     On March 9, 2011, Plaintiff's employment was terminated because of his disability.

17.     Defendants' termination of the employment of Plaintiff in such fashion constitutes a violation of California Government Code §12940(m), which prohibits discriminatory adverse action against an employee because of disability.

18.     Plaintiff has exhausted his administrative remedies under the FEHA, having been issued a "Right to Sue Letter" by the DFEH on April 27, 2011, a true copy of which is attached.

19.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered compensatory and general damages to be proven at trial.

20.     As a direct, proximate and foreseeable result of the unlawful conduct of Defendants, Plaintiff has suffered and continues to suffer emotional distress, all to Plaintiff's damage in the amount to be proven at trial in connection with, among other things, his: (a) sense of humiliation, anger and outrage at having been subjected to such unlawful discrimination, and (b) feeling of betrayal in connection with the failure of Defendants to take effective action to protect him from such mistreatment and abuse.

21.     Pursuant to California Government Code Section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs he incurs in connection with this action.

**SECOND CAUSE OF ACTION AGAINST UNITED AIR LINES, INC.
AND DOES 1 TO 20
FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY -
DISCRIMINATION BASED ON DISABILITY**

22.     Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for wrongful termination of public policy based on physical and or medical disability.

23.     It is a fundamental public policy of the State of California to provide a workplace that is free from discrimination based on physical and medical disability.  This fundamental public policy is embodied in the FEHA.

24.     On or before March 4, 2011, and at all times relevant herein, Plaintiff performed his job as a Flight Steward in a satisfactory manner.  Despite Plaintiff's satisfactory performance of his job duties, Defendants terminated Plaintiff's employment with Defendants on March 4, 2011 because of his physical and/or medical disability.  Defendant did not accord Plaintiff a "reasonable accommodation" for his physical and/or medical disability.  Such termination constituted wrongful termination in violation of public policy against discrimination in the workplace on the basis of disability.

25.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered compensatory and general damages to be proven at trial.

26.     As a direct, proximate and foreseeable result of the unlawful conduct of Defendants, as alleged, Plaintiff has suffered and continues to suffer economic injury by way of loss of earnings.  Plaintiff also suffered from emotional distress, humiliation, anxiety and sleeplessness all to Plaintiff's damage in the amount to be proven at trial.

27.     The acts taken towards Plaintiff were carried out by managing agents of UALI with the ratification and approval of Defendants in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with conscious disregard for Plaintiff's rights or the potential of

causing him unjust hardship, humiliation or emotional distress. Such conduct was despicable, and justifies an award of punitive damages against Defendants in an amount sufficient to deter them from engaging in such despicable conduct again in the future.

28.     Pursuant to California Government Code Section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs she incurs in connection with this action.

### THIRD CAUSE OF ACTION AGAINST UNITED AIR LINES, INC.
### AND DOES 1 TO 20
### VIOLATION OF CAL. GOV'T. CODE § 12940(M) - FAILURE TO PROVIDE
### REASONABLE ACCOMMODATION

29.     Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for failure to provide reasonable accommodation.

30.     Defendants, in violation of California Government Code § 12940(m) did not provide a reasonable accommodation for Plaintiff's physical or medical disability. One possible reasonable accommodation was to postpone a meeting for a few days.

31.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered compensatory and general damages to be proven at trial.

32.     As a direct, proximate and foreseeable result of the unlawful conduct of Defendants, Plaintiff has suffered and continues to suffer emotional distress, all to Plaintiff's damage in the amount to be proven at trial in connection with, among other things, his: (a) sense of humiliation, anger and outrage at having been subjected to such unlawful discrimination, and (b) feeling of betrayal in connection with the failure of Defendants to take effective action to protect him from such mistreatment and abuse.

33.     Pursuant to California Government Code Section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs he incurs in connection with this action.

### FOURTH CAUSE OF ACTION AGAINST UNITED AIR LINES, INC.
### AND DOES 1 TO 20
### VIOLATION OF CAL. GOV'T. CODE § 12945.2

34.     Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for violation of California Government Code § 12945.2.

35.     On December 14, 2010, Plaintiff asked for, and was granted a medical leave until March 9, 2011.

36.     Despite the granting of a medical leave, Defendants required Plaintiff to attend a meeting during the medical leave.

37.     Despite receiving a notice from a physician that Plaintiff's depressed and severe anxiety status prevented Plaintiff from attending work-related meetings, Defendants terminated the employment of Plaintiff for failure to attend a work-related meeting scheduled during his company approved medical leave of absence.

38.     Defendants termination of the employment the Plaintiff constitutes a violation of California Government Code § 12945.2.

39.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered compensatory and general damages to be proven at trial.

40.     As a direct, proximate and foreseeable result of the unlawful conduct of Defendants, Plaintiff has suffered and continues to suffer emotional distress, all to Plaintiff's damage in the amount to be proven at trial in connection with, among other things, his: (a) sense of humiliation, anger and outrage at having been subjected to such unlawful discrimination, and

(b) feeling of betrayal in connection with the failure of Defendants to take effective action to protect him from such mistreatment and abuse.

41.   Plaintiff is entitled to recover reasonable attorney's fees and costs he incurs in connection with this action.

## FIFTH CAUSE OF ACTION AGAINST UNITED AIR LINES, INC. AND DOES 1 TO 20 FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY – CAL. GOV'T. CODE § 12945.2

42.   Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for wrongful termination of public policy based on California Government Code § 12945.2.

43.   It is a fundamental public policy of the State of California to provide accommodation for employees with a medical condition.  This fundamental public policy is embodied in California Government Code § 12945.2.

44.   On or before March 4, 2011, and at all times relevant herein, Plaintiff performed his job as a Flight Steward in a satisfactory manner.  Despite Plaintiff's satisfactory performance of his job duties, Defendants terminated Plaintiff's employment with Defendants on March 4, 2011 because he was unable to attend a company meeting because of his medical condition. Such termination constituted wrongful termination in violation of public policy based on California Government Code § 12945.2.

45.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered compensatory and general damages to be proven at trial.

46.   As a direct, proximate and foreseeable result of the unlawful conduct of Defendants, as alleged, Plaintiff has suffered and continues to suffer economic injury by way of

loss of earnings. Plaintiff also suffered from emotional distress, humiliation, anxiety and sleeplessness all to Plaintiff's damage in the amount to be proven at trial.

47.     The acts taken towards Plaintiff were carried out by managing agents of UALI with the ratification and approval of Defendants in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with conscious disregard for Plaintiff's rights or the potential of causing him unjust hardship, humiliation or emotional distress. Such conduct was despicable, and justifies an award of punitive damages against Defendants in an amount sufficient to deter them from engaging in such despicable conduct again in the future.

48.     Pursuant to California Government Code Section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs she incurs in connection with this action.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS - FOR HARASSMENT

49.     Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for harassment.

50.     At all times relevant to this action, defendant David Condemi ("Condemi") was Plaintiff's supervisor.

51.     Condemi constantly acted in a harassing manner creating a hostile environment for Plaintiff, including, among others:

A.     Talking in a very hostile manner to Plaintiff.

B.     Unnecessarily and without provocation, raising his voice at Plaintiff.

C.     Scheduling a meeting when Condemi knew Plaintiff will be unable to attend because of Plaintiff's medical condition.

D.     Constantly threatening Plaintiff.

---

9
*COMPLAINT*

52.     Such harassing conduct by Condemi caused severe stress to Plaintiff, causing Plaintiff to be unable to come to work as certified by a licensed physician.  Such conduct by Condemi towards Plaintiff constituted unlawful harassment.

53.     As a direct, proximate and foreseeable result of the unlawful conduct of Defendants, as alleged, Plaintiff has suffered severe emotional distress, humiliation, anxiety and sleeplessness all to Plaintiff's damage to be proven at trial.

54.     The acts taken towards Plaintiff by Condemi were done in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with conscious disregard for Plaintiff's rights or the potential of causing her unjust hardship, humiliation or emotional distress. Defendants ratified the conduct of Condemi. Such conduct was despicable, and justifies an award of punitive damages against Defendants in an amount sufficient to deter them from engaging in such despicable conduct again in the future.

WHEREFORE, plaintiff requests judgment against defendants as follows:

1.     For general damages according to proof;

2.     For a money judgment awarding Plaintiff the sum to be proven at trial as compensatory damages for his emotional distress;

3.     For punitive damages as to all causes of action in an amount sufficient to punish Defendants for their wrongful conduct and to deter them from engaging in such conduct again in the future;

4.     For compensatory damages in the amount to be determined at trial as to all causes of action;

5.     For interest on the sum of damages awarded;

6.      For reasonable attorney's fees pursuant to California Government Code Section 12965(b);

7.      For costs of suit incurred herein; and

8.      For such other and further relief as is just and proper.


Dated: May 11, 2011                          NATIVIDAD LAW FIRM


                                    By:  _____
                                         Caesar S. Natividad,
                                         Attorneys for Plaintiff
                                         TEDDY SALANGA

---

11
*COMPLAINT*

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201011R7574-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

**SALANGA, TEDDY**

TELEPHONE NUMBER (INCLUDE AREA CODE)

**(424)288-6614**

ADDRESS

**PO BOX 61001**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **PASADENA, CA 91116** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **UNITED AIRLINES** | **(310)342-8583** |

| ADDRESS | |
|---|---|
| **700 LOS ANGELES AIRPORT** | DFEH USE ONLY |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **LOS ANGELES, CA 90045** | **LOS ANGELES** | **037** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **500+** | **03/04/2011** | **00** |

THE PARTICULARS ARE:

I allege that on about or before __03/04/2011__ , the following conduct occurred:

- X termination
- laid off
- demotion
- harassment
- genetic characteristics testing
- constructive discharge (forced to quit)
- impermissible non-job-related inquiry

- denial of employment
- denial of promotion
- denial of transfer
- denial of accommodation
- X failure to prevent discrimination or retaliation
- X retaliation
- other (specify) _____

- X denial of family or medical leave
- denial of pregnancy leave
- denial of equal pay
- denial of right to wear pants
- denial of pregnancy accommodation

by **UNITED AIRLINES**

Name of Person      Job Title (supervisor/manager/personnel director/etc.)

because of :

- sex
- age
- religion
- race/color

- national origin/ancestry
- marital status
- sexual orientation
- association

- X disability (physical or mental)
- medical condition (cancer or genetic chracteristic
- other (specify) _____

- X retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

I WAS TERMINATED FROM MY JIB BECAUSE OF MY DISABILITY - I WAS UNABLE TO GO TO WORK BECAUSE OF MY MEDICAL CONDITION. DESPITE MY PHYSICIAN'S ADVICE THAT I WILL NOT BE ABLE TO COME TO WORK, UNITED AIRLINES TERMINATED MY EMPLOYMENT BECAUSE I COULD NOT COME TO WORK. I ALSO HAD TO TAKE CARE OF MY FATHER BECAUSE OF HIS ONGOING CHRONIC MEDICAL CONDITION.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 04/27/2011

At  Diamond Bar

DATE FILED:  04/27/2011

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA





STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

April 27, 2011

RE:  E201011R7574-00
     SALANGA/UNITED AIRLINES

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

April 27, 2011

SALANGA, TEDDY
PO BOX 61001
PASADENA, CA 91116

RE:  E201011R7574-00
     SALANGA/UNITED AIRLINES

Dear SALANGA, TEDDY:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 27, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH-191-SB

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

NAT NAT
NAT
NAT
NAT
NAY, CA 91765

05/19/11

DFEH-200-43 (06/06)

982.2(b)(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | SBN 207801 | *FOR COURT USE ONLY* |
|---|---|---|

CAESAR S. NATIVIDAD, ESQ.
1316 INDIAN WELL DRIVE
DIAMOND BAR, CA 91765
TELEPHONE NO.: (909) 217-3264     FAX NO.: (909) 954-9927
ATTORNEY FOR *(Name):* Plaintiff, TEDDY SALANGA

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
LOS ANGELES COUNTY SUPERIOR COURT
CENTRAL DISTRICT

CASE NAME:   SALANGA v UNITED AIR LINES, INC., et al.

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 9 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
RUBENA LOPEZ

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Limited   ☒ Unlimited | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | ASSIGNED JUDGE: BC461897 |

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (e.g., discrimination, False arrest) (08)
☐ Defamation (e.g., slander, libel) (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence *(e.g., legal malpractice)* (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract warranty (06)
☐ Collections *(e.g., money owed, open book accounts)* (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property *(e.g., quiet title)* (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)

☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Claims involving mass tort (40)
☐ Securities litigation (28)
☐ Toxic tort/Environmental (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment *(e.g., sister state, foreign, out-of-county abstracts)* (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action *(specify):* 5 (wrongful termination, disability discrimination, failure to provide accomodation)

5. This case ☐ is ☒ is not   a class action suit.

Date: May 17, 2011

Caesar S. Natividad, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.) •
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
982.2(b)(1) [Rev. January 1, 2000]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 982.2, 1800-1812-
Standards of Judicial Administration, § 19

2001 © American LegalNet, Inc.

| SHORT TITLE: SALANGA v UNITED AIR LINES, INC., et al. | CASE NUMBER: BC461897 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM
## CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION

### This form is required in all new civil case filings in the Los Angeles Superior Court

I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐   YES CLASS ACTION? ☐   YES LIMITED CASE? ☐   YES TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/☒ DAYS.

II. Select the correct district and courthouse location (4 steps):

**1** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

**2** Check **one** Superior Court type of action in Column **2** which best describes the nature of this case.

**3** In Column **3**, circle the reason for the court location choice that applies to the type of action you have checked.

### Applicable Reasons for Choosing Court Location (See Column 3 below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county tort, or not PI/PD-Gen. Juris)
3. Location where cause of action arose.
4. Location where injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**4** Fill in the information requested on page 4 in item III; complete item IV. Sign the certificate.

| | -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -See Above |
|---|---|---|---|
| **Auto o Tort** | Auto (22) | ☐ A7100 Motor Vehicle – Personal Injury/Property Dam./Wrongful Death<br>Is this an uninsured motorist case? ☐ Yes ☐ No | 1., 2., 4. |
| **Other er PI/PD/WD** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestosis - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malprctice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other PI/PD/WD (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional PI/PD/WD (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7220 Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4. |
| **Non-PI/PD/WD -PI/PD/WD 11/61/SP** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Proprty (19) | ☐ A6016 Intellectual Property | 2., 3. |
| | Prof. Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION**

SHORT TITLE: SALANGA v UNITED AIR LINES, INC., et al.

CASE NUMBER

| | -1-<br>Civil Case Cover<br>Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Above |
|---|---|---|---|
| Non-PI/PD/WD Non-PI/PD/WD | Other Non-PI/PD/WD<br>Tort (35) | ☐ A6025  Other Intentional Tort Complaint (not PI/WD/PD) | 1., 2., 3. |
| | | ☐ A6026  Other Tort Complaint Case (not Intentional or PI/WD/PD) | 1., 2., 3. |
| Employment | Wrongful Termination<br>(35) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Con<br>tract | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not UD or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 4. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty(no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractural Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real<br>Proper | Emnt Dom/Inv. Cond.<br>(14) | ☐ A7300  Eminent Domain/Condemnation Number of parcels _____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property(not em. domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful<br>ful | Unlawful Det-Comm(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Det-Resid (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Det-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial<br>cial | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>Award (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |
| | Petition re Arbitration<br>Award (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |

**982.2(b)(1)A** 76C134  CIVIL CASE COVER SHEET ADDENDUM CERTIFICATE OF GROUNDS
FOR ASSIGNMENT TO COURT LOCATION

R7/00

LASC Rule 2.0(d)

Page 2 of 4 pages

2000 © American LegalNet, Inc.

| SHORT TITLE: SALANGA v UNITED AIR LINES, INC., et al. | | CASE NUMBER |
|---|---|---|

| | -1-<br>Civil Case Cover<br>Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Above |
|---|---|---|---|
| **Judicial Review** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Oth. Jud. Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally** | Antitrust/Trade Reg. (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Cnstrction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Clm. Inv Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litlg. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Tox. Tort/Envronm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Ins Covrage Clms from Complex A Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Misc. Civ. Cmplts** | Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| | RICO (27) | ☐ A6033  Racketeering Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Misc. Civil** | Prtnrshp/Crp. Gov.(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil/Workplace Harassment | 2., 3., 8. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: SALANGA v UNITED AIR LINES, INC., et al. | CASE NUMBER |
|---|---|

**- 4 -**

III. Choose the courthouse: Enter the address of the accident, party residence or place of business, performance, or other circumstance you have circled in Column **3** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER YOU CIRCLED IN -3- WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | 700 World Way |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90045 |

IV. Certificate/Declaration of Assignment: The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the Unlimited Civil     courthouse in the Central     District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on   05/17/11   at, Diamond Bar   California.
                                                                    (date)                              (city)

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

# New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in **ALL** civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

### PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

---

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form (Superior Court Form Number 982.2(b)(1)A, revised 7/99), completely filled out and submitted with the Civil Case Cover Sheet. *

5. Payment in full of the filing fee or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window).

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of limited civil cases and any civil cases concerning personal injury (including wrongful death) and property damage occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file a general or unlimited jurisdiction civil action in Central District which would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.

---

**982.2(b)(1)A** 76C134                              CIVIL CASE COVER SHEET ADDENDUM                              LASC Rule 2.0(d)
R7/00                                       CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION              Page 4 of 4 pages
                                                                                                            2000 © American LegalNet, Inc.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED AIR LINES, INC., a corporation, DAVID CONDEMI, an individual, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TEDDY SALANGA, an individual



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court**

MAY 1 9 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, Los Angeles County
111 N. Hill Street Los Angeles, California-Central District

**CASE NUMBER:**
*(Número del Caso):*

BC 461897

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Caesar S. Natividad, Esq. 1316 Indian Well Drive Diamond Bar, CA 91765 Tel. No. (909) 217-3264

DATE: MAY 1 9 2011          Clerk, by _____ RUGENA LOPEZ , Deputy
*(Fecha)*                          *(Secretario)*                                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
   United Air Lines, Inc., a corporation
3. [x] on behalf of (specify):
   United Air Lines, Inc., a corporation
   under: [x] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO. (909) 217-3264 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Caesar S. Natividad, Esq., SBN 207801
1316 Indian Well Dr

Diamond Bar          CA          91765

ATTORNEY FOR (Name)          Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT

SHORT TITLE OF CASE
SALANGA v UNITED AIR

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 06 2011

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

Case Number:
BC461897
REFERENCE NO.
SALANGA v UNITED AIR

| 2145552 | (HEARING) Date | Time | Dept |
|---|---|---|---|

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
   ADR INFORMATION PACKAGE
   NOTICE OF CASE ASSIGNMENT
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET

3. a. PARTY SERVED:   UNITED AIR LINES, INC., a corporation

      THE PRENTICE-HALL CORPORATION SYSTEM, INC., Agent for Service
   b. PERSON SERVED: BECKY DEGEORGE, PERSON AUTHORIZED TO RECEIVE
      CAUCASIAN FEMALE 45YRS 5'7" 170LBS. BLOND HAIR

4. c. ADDRESS:   2730 Gateway Oaks Dr Ste 100
                  Sacramento          CA          95833

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
      AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON     6/1/2011  AT  10:38:00 AM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      UNITED AIR LINES, INC., a corporation

      THE PRENTICE-HALL CORPORATION SYSTEM, INC., Agent for Service
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION CCP 416.10

|  |  |
|---|---|
| 7a. Person Serving:   Umaran     Bath | d. The fee for service was          $96.90 |
| b. DDS Legal Support 2900 Bristol St Costa Mesa, Ca 92626 | e. I am: |
|  | (1)     not a registered California process server: |
|  | (3) X    registered California process server: |
|  | (i)  Independent Contractor |
| (714) 662-5555 | (i)  Registration No:          129 |
| 8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Umaran     Bath | (i)  County:   MERCED |
| 6/6/2011 | X   U-BH |
|  |                SIGNATURE |

## PROOF OF SERVICE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

CRC 982(A)(23)

# Exhibit B

1   SEYFARTH SHAW LLP
    Lorraine H. O'Hara (SBN 170153)
2   E-mail: lohara@seyfarth.com
    Joshua A. Rodine (SBN 237774)
3   E-mail: jrodine@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California  90067-3021
    Telephone:  (310) 277-7200
5   Facsimile:  (310) 201-5219

6   Attorneys for Defendants
    UNITED AIR LINES, INC. and DAVID CONDEMI

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 29 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. El LaFLEUR-CLAYTON

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10  TEDDY SALANGA,                     )  Case No. BC461897
                                       )
11              Plaintiff,             )  *Assigned for all purposes to Hon. Mel Red*
                                       )  *Recana, Dept. 45*
12       v.                            )
                                       )  **ANSWER TO UNVERIFIED**
13  UNITED AIR LINES, INC., a corporation; )  **COMPLAINT**
    DAVID CONDEMI, an individual; and DOES 1 )
14  through 20, Inclusive,             )
                                       )
15              Defendants.            )
                                       )  Complaint Filed: May 19, 2011
16                                     )  Complaint Served: June 1, 2011
                                       )
17  _____)

18       Defendants United Airlines, Inc. ("United") and David Condemi ("Condemi")

19  (collectively "Defendants") answer the unverified Complaint ("Complaint") of Plaintiff Teddy

20  Salanga ("Plaintiff") as follows:

21                        **GENERAL DENIAL**

22       Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants

23  deny, generally and specifically, each and every allegation, statement, matter and each purported

24  cause of action contained in Plaintiff's Complaint and without limiting the generality of the

25  foregoing, deny generally and specifically that Plaintiff has been damaged in the manner or sums

26  alleged, or any way at all, by reason of any acts or omissions of Defendants.

27

28

ANSWER

13475635V.2

## DEFENSES

In further answer to Plaintiff's Complaint and as separate and distinct affirmative defenses, Defendants allege as follows:

### DEFENSE NO. 1

(Failure to State a Claim for Relief)

1.     Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendants.

### DEFENSE NO. 2

(RLA Preemption)

2.     To the extent Plaintiff's claims require interpretation of the collective bargaining contract governing the terms and conditions of his employment with Defendant, such claims are preempted by the Railway Labor Act, 45 U.S.C. § 181 *et seq.*

### DEFENSE NO. 3

(Failure to State Claim Against Individual)

3.     Plaintiff has failed to state a claim against Condemi in his individual capacity.

### DEFENSE NO. 4

(Statute of Limitations)

4.     Plaintiff's claims are barred to the extent that any are brought outside the applicable limitations periods.

### DEFENSE NO. 5

(Estoppel)

5.     Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel.

### DEFENSE NO. 6

(Laches)

6.     Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

13475635v.2

**DEFENSE NO. 7**

(Waiver)

7.    Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver.

**DEFENSE NO. 8**

(Unclean Hands)

8.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

**DEFENSE NO. 9**

(After Acquired Evidence)

9.    Plaintiff's claims are barred to the extent he engaged in any fraud which induced United to enter into any employment relationship with Plaintiff or engaged in any misconduct of which United is unaware and which would provide independent legal cause for termination of employment.

**DEFENSE NO. 10**

(Failure to Utilize Internal Procedures)

10.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to avail himself of United's existing internal complaint procedures for resolution of his claims and unreasonably failed to take advantage of preventative or corrective opportunities provided by that United or to otherwise avoid harm.

**DEFENSE NO. 11**

(Failure to Exhaust Union Remedies)

11.    Plaintiff's claims are barred and he is precluded from recovering damages to the extent that Plaintiff failed to exhaust the remedies (grievance and arbitration) as provided by the collective bargaining agreement between United and the labor organization that represents the collective bargaining unit of which Plaintiff is a member.

13475635v.2

1

## DEFENSE NO. 12

2

(Reasonable Accommodation)

3   12.   Plaintiff's claims are barred because United was not legally required to provide

4   reasonable accommodation to Plaintiff and, to the extent that it was so legally required, it

5   fulfilled its obligations.

6

## DEFENSE NO. 13

7

(Undue Hardship)

8   13.   Providing Plaintiff a reasonable accommodation that would enable him to perform

9   the essential functions of his position would place an undue hardship upon United.

10

## DEFENSE NO. 14

11

(Exhaustion of Administrative Remedies)

12   14.   To the extent that Plaintiff makes allegations or claims which were not included

13   in a timely complaint with the Department of Fair Employment and Housing, the Court lacks

14   jurisdiction with respect to any such allegations or claims. Cal. Gov't Code §12900, *et. seq.*

15

## DEFENSE NO. 15

16

(Failure to Take Advantage of Preventive/Corrective Opportunities)

17   15.   United exercised reasonable care to prevent and correct any unlawfully

18   discriminatory and/or harassing workplace conduct allegedly experienced by Plaintiff; Plaintiff

19   unreasonably failed to take advantage of any preventive or corrective opportunities provided by

20   United or to avoid harm otherwise, and thus Plaintiff's claims are barred, or Plaintiff's damages

21   must be reduced accordingly.

22

## DEFENSE NO. 16

23

(Prompt Remedial Action)

24   16.   To the extent that Plaintiff complained of any unlawful conduct, prompt remedial

25   action was taken.

26

27

28

4

13475635v.2

1

### DEFENSE NO. 17

2

(Scope of Authority)

3       17.    The Complaint, and each of and every purported cause of action therein, is barred

4   as against United to the extent that the actions of Defendant's agents, employees, and

5   representatives, if they occurred, were not actions taken within the course and scope of their

6   employment.

7

### DEFENSE NO. 18

8

(Failure to Mitigate)

9       18.    To the extent that Plaintiff suffered any damages as a result of the facts alleged in

10   his Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages

11   alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the

12   damages incurred.

13

### DEFENSE NO. 19

14

(Punitive Damages)

15       19.    The Complaint, and each of the causes of action therein, fails to state facts

16   sufficient to entitle Plaintiff to an award of punitive damages.

17

### DEFENSE NO. 20

18

(Punitive Damages)

19       20.    Plaintiff may not recover punitive damages for discriminatory employment

20   decisions, if any, to the extent that those decisions are contrary to United's written policies

21   instituted against wrongful conduct.

22

### PRAYER

23   WHEREFORE, Defendants pray for judgment as follows:

24       1.    That Plaintiff take nothing by his Complaint;

25       2.    That judgment be entered in favor of Defendants and against Plaintiff on all

26   causes of action;

27       3.    That Defendants be awarded reasonable attorney's fees according to proof;

28       4.    That Defendants be awarded the costs of suit incurred herein; and,

13475635v.2

1        5.      That Defendants be awarded such other and further relief as the Court may deem

2   appropriate.

3

4   DATED: June 29, 2011                          SEYFARTH SHAW LLP

5

6                                                 By_____

7                                                    Joshua A. Rodine
                                                  Attorneys for Defendants
8                                                 UNITED AIR LINES, INC. and DAVID
                                                  CONDEMI

ANSWER

13475635v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       )  ss
COUNTY OF LOS ANGELES  )

I am employed by Nationwide Legal, Inc. in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 3500, Los Angeles, CA 90067 . On June 29, 2011, I served the within documents:

ANSWER TO UNVERIFIED COMPLAINT

☐ I sent such document from facsimile machine (310) 201-5219 on June 29, 2011. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by having Nationwide Attorney Service personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

ATTORNEYS FOR PLAINTIFF
Caesar S. Natividad, Esq.
Natividad Law Firm
1316 Indian Well Drive
Diamond Bar, California 91765
Tel: (909) 217-3264
Fax: (909) 954-9927

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 29, 2011, at Los Angeles, California.

_____
Jodi Snyder

13519490v.1

Exhibit C

Westlaw.

13 Trials Digest 9th 7

13 Trials Digest 9th 7 (Cal.Superior), 2003 WL 24304125

Copyright (c) 2008 Thomson/West

Superior Court, Riverside County, California.

Department of Fair Employment and Housing vs. County of Riverside

**TOPIC:**
Synopsis: Worker who was injured on the job alleges disability discrimination
Case Type: Labor & Employment; Disability/Medical Condition; Labor & Employment;
Discrimination; Labor & Employment; Termination/Constructive Discharge

DOCKET NUMBER: RIC352666

STATE: California
COUNTY: Riverside

Verdict/Judgment Date: October 16, 2003

JUDGE: Dallas Holmes

ATTORNEYS:
Plaintiff: Joseph H. Duff, Department of Fair Employment and Housing, Los
Angeles.; Paul R. Ramsey, Department of Fair Employment and Housing, Los
Angeles.; Eddie L. Washington, Department of Fair Employment and Housing, Los
Angeles.
Defendant: Bruce E. Disenhouse, Kinkle, Rodiger and Spriggs, Riverside.; Interven-
or: Deborah A. Krane, Law Offices of Deborah A. Krane, Burbank.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $460,000

Range: $200,000-$499,999

$160,000 economic; $300,000 non-economic.
Trial Type: Jury
Trial Length: Not reported.
Deliberations: Not reported.
Jury Poll: Not reported.

EXPERTS:
Plaintiff: Arnold D. Purisch Ph.D., neuropsychologist, Laguna Hills, (949)
829-8141.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Defendant: William Soltz Ph.D., psychologist, San Bernardino, (909) 886-4554.;
Tony L. Strickland Ph.D., neuropsychologist, Playa Del Rey, (323) 563-5915.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiff-in-intervention, William Clark, was employed by
defendant County of Riverside as a sheriff investigator. Clark suffered an on-
the-job injury. He alleged that he subsequently became disabled and requested a
reasonable accommodation for his claimed disability. He claimed that defendant
failed and refused to engage in a timely, good faith interactive process with him
for the purposes of ascertaining the precise parameters of the reasonable accom-
modations necessary to return him to his employment with defendant.
On or about October 13, 1999, Clark filed a charge of discrimination against de-
fendant with plaintiff Department of Fair Employment and Housing. Plaintiff in
turn filed this proceeding on or about December 26, 2000, naming Clark as the Real
Party in Interest.
Plaintiff and Clark are claiming that he was injured emotionally and financially
by defendant's actions.
Defendant disputed the nature and extent of the claims.

CLAIMED INJURIES
According to Plaintiff: Emotional distress.

CLAIMED DAMAGES
According to Plaintiff: $62,398 to $106,080 lost wages; $300,000 emotional dis-
tress damages.

SETTLEMENT DISCUSSIONS
According to Plaintiff: Not reported.

Trials Digest, A Thomson/West business

Riverside County Superior Court/Central

13 Trials Digest 9th 7 (Cal.Superior), 2003 WL 24304125

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

26 Trials Digest 9th 8                                                    Page 1

26 Trials Digest 9th 8 (Cal.Superior), 2005 WL 4126684
For Dockets See BC287797

Copyright (c) 2008 Thomson/West

Superior Court, Los Angeles County, California.

Miller vs. Lockheed Martin

TOPIC:
Synopsis: Terminated employee sues for failure to accommodate his disability
Case Type: Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Disability/Medical Condition; Labor & Employment; Discrimination; Labor & Employment; Violation of Public Policy

DOCKET NUMBER: BC287797

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: October 7, 2005

JUDGE: Soussan G. Bruguera

ATTORNEYS:
Plaintiff: Jill B. Shigut, Law Offices of Jill B. Shigut, Tarzana.
Defendant: William G. Baumgartner, Haight, Brown & Bonesteel, Los Angeles.; George Christensen, Haight, Brown & Bonesteel, Los Angeles.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $1,032,824

Range: $1,000,000-$1,999,999

$191,301 past economic; $541,523 future economic; $150,000 past non-economic; $150,000 future non-economic.
Trial Type: Jury
Trial Length: Not reported.
Deliberations: Not reported.
Jury Poll: Not reported.

EXPERTS:
Plaintiff: Marc J. Friedman M.D., orthopedic surgeon, Southern California Orthopedic Institute, Van Nuys, (818) 901-6600.; Stephanie Rizzardi-Pearson, econom-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ist, Rizzardi-Pearson Associates, San Marino, (626) 457-6297.; Domenick J. Sisto
M.D., orthopedic surgeon, Los Angeles Orthopaedic Institute, Sherman Oaks, (818)
905-2222.

Defendant: Domenick J. Sisto M.D., orthopedic surgeon, Los Angeles Orthopaedic In-
stitute, Sherman Oaks, (818) 905-2222.; Ralph N. Steiger M.D., orthopedic sur-
geon, San Bernardino, (800) 240-8657.; Michael P. Ward Ph.D., economist, Welch &
Associates, Santa Monica, (310) 393-5530.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: After 20 years of exemplary work performance, plaintiff
Michael Miller was terminated from his position as a Plant Protection Officer
('PPO') with defendant Lockheed Martin after defendant was informed by plaintiff's
physician that plaintiff's temporary limitations (no climbing, walking over uneven
ground, squatting, kneeling, crouching, pivoting, or other comparable activities)
as a result of his disability (torn meniscus in left knee) were permanent and sta-
tionary. Defendant terminated plaintiff on the pretext that its contract with the
union prevented it from accommodating PPOs with permanent limitations.
Defendant claimed that it has been the 'custom and practice' of defendant to ro-
tate the PPOs every 90 days, and, given plaintiff's permanent limitations, he
could not be rotated, as certain posts violated his restrictions. Yet, nowhere in
the collective bargaining agreement does it require that the PPOs be rotated. In
fact, not all PPOs are rotated and assigned to all posts, as there are some posts
(control room posts) that require special training on electronic equipment and
other posts that require 'program access,' which all PPOs do not possess. Con-
sequently, only those PPOs who possess the special training or access are assigned
to those posts. Plaintiff acquired both the special training and program access
necessary to perform all posts.
Defendant further contended that having PPOs who can rotate to every post assures
equal distribution of overtime, and if plaintiff could not be assigned to all
posts, he might not receive the amount of overtime as other PPOs. Obviously, this
is not a sufficient basis to refuse to accommodate plaintiff by assigning him to a
post whose duties did not violate his limitations. Further, defendant never dis-
cussed with plaintiff whether he was willing to risk receiving less overtime than
other PPOs.
Defendant also claimed that Section 9 of the collective bargaining agreement
stated that temporary limitations should be accommodated, but makes no mention of
permanent limitations. Thus, it is not required to accommodate permanent limita-
tions. Obviously, the contract does not state that permanent limitations should
not be accommodated, as it would violate current FEHA and ADA requirements.
Defendant also claimed that plaintiff's permanent limitations could preclude him
from responding to alarms and emergencies. However, when asked as to how often
PPOs assigned to the posts plaintiff could perform are needed to respond to alarms

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

and emergencies, particularly all posts within the control room where the PPOs are sitting a majority of the shift, defendant admitted that responding to emergency situations would be infrequent, if at all, and numerous other PPOs are also present during an emergency situation to perform any duties he could not perform given his limitations.

In addition, prior to terminating plaintiff, defendant failed to engage in any interactive process with plaintiff or provide any reasonable accommodation.

Plaintiff made repeated efforts (both in writing and orally) to discuss his limitations and a reasonable accommodation. However, defendant made no effort to engage in such discussions with plaintiff or his physician.

Plaintiff brought claims of FEHA violations, including discrimination and failure to accommodate his disability.

**CLAIMED INJURIES**
According to Plaintiff: Emotional distress.

**CLAIMED DAMAGES**
According to Plaintiff: Not reported.

**SETTLEMENT DISCUSSIONS**
According to Plaintiff: Not reported.

Trials Digest, A Thomson/West business

Los Angeles County Superior Court/Downtown

26 Trials Digest 9th 8 (Cal.Superior), 2005 WL 4126684

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Westlaw.

29 Trials Digest 9th 13

29 Trials Digest 9th 13 (Cal.Superior), 2006 WL 2044625

Copyright (c) 2008 Thomson/West

Superior Court, Los Angeles County, California.

Mnaskanian vs. 21st Century Insurance Company

TOPIC:
Synopsis: Worker alleges she was discriminated against after sustaining work-related injury
Case Type: Labor & Employment; Disability/Medical Condition; Labor & Employment;
Discrimination; Labor & Employment; Termination/Constructive Discharge; Labor &
Employment; Violation of Public Policy; Labor & Employment; Age

DOCKET NUMBER: BC307845

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: February 16, 2006

JUDGE: Judith C. Chirlin

ATTORNEYS:
Plaintiff: Magdalena E. Cuprys, Doumanian & Associates, Glendale.; Nancy P. Dou-
manian, Doumanian & Associates, Glendale.
Defendant: Elena R. Baca, Paul, Hastings, Janofsky & Walker, Los Angeles.; Sam-
antha J. Black, Paul, Hastings, Janofsky & Walker, Los Angeles.; Daisy Y. Ha,
Paul, Hastings, Janofsky & Walker, Los Angeles.; William S. Waldo, Paul, Hast-
ings, Janofsky & Walker, Los Angeles.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $845,638

Range: $500,000-$999,999

$66,640 past economic damages; $112,888 future economic damages; $150,000 past
non-economic loss damages; $150,000 future non-economic loss damages; $250,000
punitive damages.
Trial Type: Jury
Trial Length: 2 weeks.
Deliberations: 1 week.
Jury Poll: Not reported.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**EXPERTS:**
Other: Alessandro F. Anfuso, vocational rehabilitation consultant, Forensic Group,
Orange, (626) 588-1590.
Robert A. Audell M.D., orthopedic surgeon, Los Angeles, (310) 855-0751.
A. Elizabeth Bloze M.D., physiatrist, Van Nuys, (818) 901-6600.
Rachael Gordon M.D., neuroradiologist, Los Angeles.
Jerrold Sherman M.D., orthopedic surgeon, Santa Monica, (310) 393-9829.

**TEXT:**
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: On or about April of 1995, plaintiff Anahid Mnaskanian was
hired by defendant 21st Century Insurance. She was assigned to 21st Century's
Burbank office where she received training and worked for approximately five
years, through approximately May of 2000, in the capacity of file clerk. Her
starting salary was $9 per hour and was increased to $14/$15 per hour, given
plaintiff's exemplary work performance and favorable evaluations.
During the period of January 18, 2000 through May of 2000, plaintiff was reas-
signed to work at 21st Century's Woodland Hills location in the capacity of file
clerk. During this period, plaintiff was promoted to the position of data entry
operator.
On January 16, 2001, plaintiff sustained a work-related injury to her lumbar spine
and her right lower extremity. She subsequently filed a workers' compensation
claim against 21st Century as a result of the foregoing work-related injury. She
was placed on temporary disability in light of the injury and was unable to return
to work during the period of her ongoing medical treatment through October 21,
2002.
Following hemilaminectomy and diskectomy surgery on January 18, 2002, her physi-
cian concluded that her medical/physical condition was 'permanent and stationary'
and that she was deemed a 'qualified injured worker' capable of returning to work
with limited restrictions.
On or about December 17, 2002, plaintiff was informed by 21st Century that they
would have 'modified' or 'alternative' work for her intended to accommodate her
physical disability which confined her to semi-sedentary work. However, on Febru-
ary 20 and 28, 2003, 21st Century took the position that they did not have any em-
ployment opportunities or positions available to accommodate her disability.
Plaintiff alleged that 21st Century had numerous clerical positions available at
this time and could accommodate her work experience and physical limitations for
semi-sedentary work.
Plaintiff alleged that 21st Century's unwarranted and unjustified refusal to rein-
state her in their employ was unlawful and discriminatory under California law.
21st Century contended that it always acted appropriately and lawfully toward
plaintiff under the applicable law, and that plaintiff refused to participate in
the process to find a reasonable accommodation for her.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**CLAIMED INJURIES**
According to Plaintiff: Emotional distress.

**CLAIMED DAMAGES**
According to Plaintiff: Not reported.

**SETTLEMENT DISCUSSIONS**
According to Plaintiff: Not reported.

**COMMENTS**
According to Plaintiff: The complaint was filed on December 17, 2003.

Trials Digest, A Thomson/West business

Los Angeles County Superior Court/Downtown

29 Trials Digest 9th 13 (Cal.Superior), 2006 WL 2044625

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Exhibit D

Westlaw.

2010 WL 5383296                                                                                    Page 1

2010 WL 5383296 (Cal.Superior)
For Dockets See BC417507

Copyright (c) 2011 ALM Media Properties, LLC. All Rights Reserved

Superior Court, Los Angeles County, California.

Mark A. Crawford v. DIRECTV Inc.

No. BC417507

DATE OF VERDICT/SETTLEMENT: September 29, 2010

TOPIC: EMPLOYMENT - DISABILITY DISCRIMINATION - EMPLOYMENT - FAILURE TO ACCOMMO-
DATE - EMPLOYMENT - WRONGFUL TERMINATION - EMPLOYMENT - RETALIATION - EMPLOY-
MENT - CALIFORNIA'S FAIR EMPLOYMENT & HOUSING ACT
Worker With Ptsd Said He Was Forced to Watch Combat Footage

SUMMARY:
RESULT: Arbitration
 Award Total: $353,172
The parties entered arbitration, and the arbiter found DIRECTV had failed to offer Crawford reasonable accommo-
dations or engage in the interactive process required by FEHA after Crawford was placed on leave. He found no
wrongful termination, retaliation or discrimination.
Crawford was awarded $149,234 for past lost income, $25,200 for non-economic damages, $159,762.50 for attorney
fees, $11,123.30 for arbitration costs, and $7,851.80 for prejudgment interest.

EXPERT WITNESSES:
Plaintiff: David T. Factor; Economics; Pasadena, CA

 ATTORNEYS:
Plaintiff: Vincent Calderone; Bononi Law Group; Los Angeles, CA (Mark A. Crawford)
Defendant: Dianne Baquet Smith; Sheppard, Mullin, Richter & Hampton; Los Angeles, CA (DIRECTV Inc.)

JUDGE: Sherman W. Smith

RANGE AMOUNT: $200,000-499,999

STATE: California
COUNTY: Los Angeles

INJURIES: Crawford claimed he was terminated from his job due to DIRECTV's failure to grant him reasonable
accommodation of his disability. He sought an unspecified amount for lost income and non-economic damages.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Facts:

In 1999, plaintiff Mark Crawford, a veteran of the first Gulf War, was hired as a broadcast operator at DIRECTV's Los Angeles broadcast center. In October 2006, his schedule was changed from Sunday through Wednesday to Wednesday through Sunday. He requested a return to his original schedule, claiming he was participating in therapy for post-traumatic stress disorder on his original days off. He also submitted a note from his social worker which stated that viewing violent images aggravated his condition. He was not returned to his original schedule.

In April 2007, Crawford was placed on administrative leave after two supervisors reported what they claimed was a threatening e-mail. After an evaluation, he was found medically unfit for his position due to his PTSD and placed on medical leave. He was terminated in April 2008 when the leave was exhausted.

Crawford sued DIRECTV, alleging violations of the Fair Employment and Housing Act, wrongful termination and retaliation. He claimed DIRECTV failed to offer him reasonable accommodations for his disability or engage in an interactive process after he was placed on leave. He alleged he requested a reasonable accommodation to a position where he would not be required to watch unedited combat footage, and that he knew of and was qualified for a number of such positions at the company. He claimed no discussions of accommodations were made after he was placed on medical leave.

DIRECTV argued that Crawford did not claim any disabilities prior to his schedule change and that it offered him reasonable accommodations such as days off, job transfers, or a leave of absence, but that he refused them. DIRECTV claimed no accommodations were possible after Crawford was placed on leave as he was never medically cleared to return to work. It further argued there were no available positions where Crawford would not be required to view violent images. The defense contended Crawford was terminated because he was not medically cleared to return to work at the time he ran out of medical leave time.

ALM Properties, Inc.

Superior Court of Los Angeles County, Central

PUBLISHED IN: VerdictSearch California Reporter Vol. 9, Issue 48

2010 WL 5383296 (Cal.Superior)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

38 Trials Digest 11th 12                                                      Page 1

38 Trials Digest 11th 12 (E.D.Cal.), 2008 WL 4223600
For Opinion See 2008 WL 3154681 , 104 Fair Empl.Prac.Cas. (BNA) 213 , 2008 WL 782846 , 2008 WL 162602 ,
102 Fair Empl.Prac.Cas. (BNA) 676

Copyright (c) 2011 Thomson Reuters/West

United States District Court, E.D. California.

Noyes vs. Kelly Services Inc.

TOPIC:
Synopsis: Software developer claims company promoted employees of one religion
Case Type: Labor & Employment; Discrimination; Labor & Employment; Religion

DOCKET NUMBER: 02CV02685(GEB)

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: April 4, 2008

JUDGE: Garland E. Burrell Jr.

ATTORNEYS:
Plaintiff: Robert Burch, Law Offices of Robert Burch, Nevada City; M. Catherine Jones, Law Offices of M. Cath-
erine Jones, Nevada City.
Defendant: E. Joseph Connaughton, Paul, Plevin, Sullivan & Connaughton, San Diego; Gregory A. Klawitter, Paul,
Plevin, Sullivan & Connaughton, San Diego; Tyler M. Paetkau, Littler Mendelson, San Francisco.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $6,547,174

Range: $5,000,000-999,999,999

 $59,983 past lost earnings and benefits; $8,400 other past economic loss; $70,391 future lost earnings and benefits;
$8,400 other future economic loss; $500,000 non-economic loss, including emotional distress; $5,900,000 punitive
damages. The court later reduced the punitive damages award to $647,174, equal to the compensatory damages. The
court awarded plaintiff $765,973 in attorney fees and litigation expenses.
Trial Type: Jury
Deliberations: Not reported.
Jury Poll: Not reported.

EXPERTS:
Plaintiff: Not reported.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Defendant: Not reported.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to court records: In October 1994, plaintiff Lynn Noyes started working for defendant Kelly Services Inc. in Nevada City as a software developer. Plaintiff remained employed there on a full-time basis until she was laid off on May 18, 2004. Plaintiff alleged defendant failed to promote her to software development manager in April 2001, instead promoting a less senior, less qualified member of the Fellowship of Friends, Joep Jilesen.
According to plaintiff, between 1997 and April 2001, there were five promotions to management positions for which plaintiff was qualified, and four of those positions went to members of the Fellowship of Friends, a religious organization based in Oregon House, California. William Heinz, the top manager of the Nevada City site and a vice president, was a Fellowship member. Plaintiff claimed Heinz followed discriminatory recruiting, hiring, and promotion policies based on religious preference, favoring those who were members of the Fellowship over non-members such as herself.
Plaintiff said other employees had alerted defendant corporate representatives about the illegal discrimination beginning in 1998. Plaintiff said defendant's investigation of Heinz's hiring and promotion practices after the 1999 letter failed to produce any significant changes in the Nevada City hiring or promotion practices. The number of Fellowship employees continued to increase throughout Heinz's tenure until nine out of the 15 full-time employees on the floor where plaintiff worked were Fellowship members in December 2002, when she filed her lawsuit.

CLAIMED INJURIES
NA

CLAIMED DAMAGES
According to court records:
Not reported.

SETTLEMENT DISCUSSIONS
According to court records:
Not reported.

COMMENTS
According to court records:
The complaint was filed on December 18, 2002.

Trials Digest, A Thomson/West business

Eastern District Federal Court/Sacramento

38 Trials Digest 11th 12 (E.D.Cal.), 2008 WL 4223600

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

2006 WL 5305734

Page 1

2006 WL 5305734 (Cal.Superior)
For Opinion See 2007 WL 2691795 (Trial Order), 2007 WL 2691794 (Trial Order), 2006 WL 4758363 (Trial Order)

Copyright (c) 2011 ALM Media Properties, LLC. All Rights Reserved

Superior Court, San Diego County, California

Fred Denenberg v. California Department of Transportation

No. GIC836582

DATE OF VERDICT/SETTLEMENT: September 16, 2006

TOPIC: EMPLOYMENT - SEXUAL ORIENTATION DISCRIMINATION - EMPLOYMENT - FAILURE TO ACCOMMODATE
Clerk Claimed Discrimination Based on Disability, Orientation

SUMMARY:
RESULT: Verdict-Plaintiff
The jury did not find any discrimination based on sexual orientation. It did, however, find the defendant failed to provide Denenberg with a reasonable accommodation and discriminated against him on the basis of a disability. The jury awarded Denenberg $119,000 in economic damages and $25,000 in noneconomic damages, for a total $144,000. The judge awarded him an additional $490,000 in attorney's fees and $133,000 in costs, and ordered the department of transportation to award him a retroactive promotion. The promotion will result in an additional $12,000 of annual earnings through his career as well as upward adjustments to his retirement benefits.

EXPERT WITNESSES:
Plaintiff: Brian P. Brinig, J.D., C.P.A.; Damage Analysis; San Diego, CA Christopher Benbo, M.D.; Psychiatry; La Jolla, CA George Pratt, Ph.D.; Psychology/Counseling; La Jolla, CA Michael A. Robbins; Human Resources Policies; Bell Canyon, CA
Defendant: Mark A. Kalish, M.D.; Psychology/Counseling; San Diego, CA

ATTORNEYS:
Plaintiff: Paul D. Jackson; Law Offices of Paul D. Jackson; San Diego, CA (Fred Denenberg); David M. deRubertis; The deRubertis Law Firm; Woodland Hills, CA (Fred Denenberg)
Defendant: Christopher J. Welsh; California Department of Transportation; San Diego, CA (California Department of Transportation); Julie A. Jordan; CalTrans Legal Department; San Diego, CA (California Department of Transportation)

JUDGE: Steven R. Denton

RANGE AMOUNT: $100,000-199,999

STATE: California

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

COUNTY: San Diego

INJURIES: Denenberg claimed that he suffered emotional distress and sought treatment from a psychologist. He also sought to recover the income he lost when he took a leave of absence to cope with the distress caused by the way his employer treated him.

Facts:

In 1998 plaintiff Fred Denenberg, a gay man, was hired by the California Department of Transportation as an office technician, an entry-level position. He received excellent performance reviews and was promoted to assistant administrator. Starting in 1999, he sought promotion to associate administrator, the next job level above his own. Such a promotion would normally occur in relatively short time, he alleged, but his requests were repeatedly denied. He was told that budgetary constraints had forced the company to put into place a hiring and promotions freeze. When the freeze was lifted on July 1, 2004, Joseph Hull, the deputy director of traffic operations, promised Denenberg that his promotion would be processed.

When Hull had not yet finished processing the paperwork by late August 2004 despite Denenberg's further complaints, Denenberg sought legal counsel. His attorney, Paul Jackson, sent the department's upper management a letter alleging that Denenberg had been the subject of harassment based on his sexual orientation and that the department had failed to promote him because he was gay. Afterward, Denenberg's superiors and co-workers leveled accusations of wrongdoing against him. The alleged wrongdoing included telling a co-worker to "kiss his ass," making derogatory comments about a co-worker's religion, slamming a door in a co-worker's face and acting in a rude manner toward co-workers and management.

In late September 2004, Denenberg, who claimed to be suffering from stress and depression related to his workplace, complained about a sexually related email sent from a co-worker a year earlier. At the instruction of a psychologist, he went on a leave of absence, and the department stopped processing his promotion.

In August 2005, one year after his original stress leave began, Denenberg's psychologist recommended that he be given an accommodation that allowed him to telecommute. Hull did not allow telecommuting, however, and denied the accommodation. The psychologist revised the accommodation to request that Denenberg return to the workplace but that any face-to-face interaction with the co-workers he claimed had retaliated against him be minimized. Hull denied that request as well.

When Denenberg was able to return to work without restriction, the department informed him it had eliminated his position and offered him six other positions that were equivalent or nearly equivalent to his former position. Denenberg declined them all.

Denenberg sued the California Department of Transportation for discrimination and retaliation on the basis of sexual orientation and discrimination and retaliation on the basis of disability. He contended that for a period of about 1.5 years he was harassed based on his sexual orientation; the alleged harassment consisted of perceived sexual advances, derogatory comments about his orientation and a degrading, homophobic email. He claimed that the department's refusal to promote him in September 2004 was in retaliation for the letter his attorney wrote complaining of harassment and discrimination. He also claimed that the department's stated reason for not promoting him--that he went on medical leave--indicated disability discrimination and showed that the company was retaliating against him for seeking accommodation of a disability. He further alleged that when his psychologist approved his return to work with a minimum of interaction with co-workers, there were desks and offices available that could have been used to meet this request.

The defendant denied any wrongdoing. It claimed that the reason Denenberg was not promoted was because he had

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

either failed the promotional exam or did not receive a high enough score for placement. The state budget crises, the department's budget, and the lack of available work prevented promotions for new hires until June 30, 2004. Once the freeze was lifted, the plaintiff was promised a noncompetitive promotion. It contended that it had begun processing a noncompetitive promotion for Denenberg at the time he took his leave but stopped when he was out for almost two years and the department did not know when or whether he would return to work and that, under the Civil Service Act, the promotion could not go through because he was not at work to accept the new appointment. This had implications for his retirement and benefits.

The department also claimed that the request to telecommute was denied because the position required interaction with co-workers and the timely sharing of information. The department noted that over the course of nine months, it offered the plaintiff six alternative positions at the same classification and rate of pay but he refused all of them. Finally, the company denied any knowledge of the claimed harassment.

Before the trial began, the plaintiff dropped the claim that he should have been promoted before 2003. The state had a freeze on promotions and new hires between June 2003 and June 2004.

At trial, the defense impeached Denenberg's credibility by attacking his assertion that he had never been involved in any other lawsuits by introducing numerous lawsuits that he had either filed or were filed against him.

The defendant claimed that it was not his workplace problems that caused the plaintiff's medical condition but rather other stressors, such as a tumultuous relationship with his domestic partner who suffered from chronic medical problems. The defendant introduced evidence of domestic discord, including allegations of domestic abuse.

Insurer:

Self insured California Department of Transportation

ALM Properties, Inc.

Superior Court of San Diego County, at San Diego

PUBLISHED IN: VerdictSearch California Reporter Vol. 7, Issue 4

2006 WL 5305734 (Cal.Superior)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                           )  ss

COUNTY OF LOS ANGELES  )

     I am employed by Nationwide Legal, Inc. in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 3500, Los Angeles, CA 90067 . On June 30, 2011, I served the within documents:

     NOTICE OF REMOVAL OF CIVIL ACTION

☐     I sent such document from facsimile machine (310) 201-5219 on June 30, 2011. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by having Nationwide Attorney Service personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

ATTORNEYS FOR PLAINTIFF
Caesar S. Natividad, Esq.
Natividad Law Firm
1316 Indian Well Drive
Diamond Bar, California 91765
Tel: (909) 217-3264
Fax: (909) 954-9927

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on June 30, 2011, at Los Angeles, California.

_Jodi Snyder_
(Jodi Snyder)

13519490v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 5456 GAF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Teddy Salanga | United Air Lines, Inc. and David Condemi |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Caesar S. Natividad (State Bar No. 207801)<br>Natividad Law Firm<br>1316 Indian Well Drive<br>Diamond Bar, CA 91765<br>Phone: (909) 217-3264/Fax: (909) 954-9927 | Lorraine H. O'Hara (State Bar No. 170153)<br>Joshua A. Rodine (State Bar No. 237774)<br>Seyfarth Shaw LLP<br>2029 Century Park East, Suite 3500, Los Angeles, CA 90067-3063<br>Phone: (310) 277-7200/Fax: (310) 201-5219 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:   **LACV11-5456**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant, United Air Lines, Inc. is incorporated in the State of Delaware and its principal place of business in the State of Illinois.  Defendant David Condemi is a sham defendant as set forth in the Notice of Removal. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 30, 2011
Joshua A. Rodine

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**CIVIL COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

1

**PROOF OF SERVICE**

2     STATE OF CALIFORNIA          )
                                   )  ss
3     COUNTY OF LOS ANGELES        )

4          I am employed by Nationwide Legal, Inc. in the County of Los Angeles, State of California.  I
      am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park
5     East, Suite 3500, Los Angeles, CA 90067 .  On June 30, 2011, I served the within documents:

6          CIVIL COVER SHEET

7
           ☐     I sent such document from facsimile machine (310) 201-5219 on June 30, 2011.  I
8                certify that said transmission was completed and that all pages were received and that
                 a report was generated by facsimile machine (310) 201-5219 which confirms said
9                transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this
                 action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
10               parties listed below.

11         ☒     by placing the document(s) listed above in a sealed envelope with postage thereon
                 fully prepaid, in the United States mail at Los Angeles, California addressed as set
12               forth below.

13         ☐     by having Nationwide Attorney Service personally deliver the document(s) listed
                 above to the person(s) at the address(es) set forth below.
14

15    ATTORNEYS FOR PLAINTIFF
      Caesar S. Natividad, Esq.
16    Natividad Law Firm
      1316 Indian Well Drive
17    Diamond Bar, California 91765
      Tel: (909) 217-3264
18    Fax: (909) 954-9927

19         I am readily familiar with the firm's practice of collection and processing correspondence for
      mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
20    postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
      served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
21    after the date of deposit for mailing in affidavit.

22         I declare under penalty of perjury under the laws of the State of California that the above is true
      and correct.
23
           Executed on June 30, 2011, at Los Angeles, California.
24

25                                                              Jodi Snyder

26

27

28

13519490v.1